NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| ROBERT L. HEDRICK, <br><br> Petitioner, <br><br> v. <br><br> WARDEN, FCI FORT DIX, <br><br> Respondent. | Civil No. 25-2149 (RMB) <br><br><br> OPINION |

**BUMB, CHIEF UNITED STATES DISTRICT JUDGE**

This matter comes before the Court upon Petitioner Robert L. Hedrick's ("Hedrick") filing of a petition for writ of habeas corpus under 28 U.S.C. § 2241, seeking release from the Federal Correctional Institution in Fort Dix, New Jersey ("FCI Fort Dix"), based on the alleged failure of staff to provide him with treatment for pneumonia and kidney failure, necessary to keep him alive. (Petition, Dkt. No. 1.) Respondent filed an answer to the petition (Answer, Dkt. No. 15), and a motion to seal documents (Motion to Seal, Dkt. No. 16). Hedrick subsequently filed various letters and a series of motions, including a motion for witness testimony (Dkt. No. 9); motion for order to produce all documents (Dkt. No. 10); and a motion for summary judgment (Dkt. No. 29), as well as a reply brief to Respondent's answer (Reply Brief, Dkt. No. 18.) For the reasons discussed below, the Court will grant

1

Respondent's motion to seal, dismiss the petition for lack of jurisdiction, and dismiss the pending motions as moot.

I.  BACKGROUND

On March 25, 2025, Hedrick filed his habeas petition to seek release from FCI Fort Dix based on his allegation that staff were withholding medical treatment for pneumonia since January 2025, which was causing damage to his lungs and kidney failure. (Petition at 1.)[1] Insofar as Hedrick also sought relief of monetary damages, the Court instructed the Clerk of Court to send him a prisoner civil rights complaint form to file a separate action. (Order at 1, n.1, Dkt. No. 4.)

In answer to the petition, Respondent seeks dismissal of the petition based on lack of jurisdiction. (Answer at 1.) Respondent contends Hedrick cannot establish circumstances that justify an expansion of the traditional purpose of a habeas corpus petition to challenge the legality of confinement to include a conditions of confinement claim. (*Id.*) Respondent argues such extraordinary relief for medical treatment is not required because Hedrick's medical records establish that his pneumonia symptoms had resolved in March 2025, and he was not in kidney failure. (Answer at 1; *see also* Declaration of Dr. Farah Ahmedi ("Ahmedi Decl.")[2] Dkt No. 13; and Exhibit 1, Dkt. No. 13-1.)

---

[1] In his petition, Petitioner discusses other cases he has filed, which are not relevant to the present petition.

[2] Dr. Ahmedi is the Clinical Director at FCI Fort Dix. (Ahmedi Decl. ¶¶ 1-2.)

Much of Hedrick's reply brief is unrelated[3] to his habeas claim. Insofar as Hedrick addressed the medical claim raised in his petition, he contends Respondent did not provide all of his medical records, and he describes encounters with medical staff that he alleges constitute negligence, medical indifference, and retaliation. (Reply Brief at 8.) Hedrick does not dispute that his pneumonia has resolved and that he is not in kidney failure.[4] (*Id.*)

## II. HEDRICKS' MEDICAL RECORDS WILL BE SEALED

Local Civil Rule 5.3(c)(3) requires a party a party to file a motion to seal that describes:

> (a) the nature of the materials or proceedings at issue;
>
> (b) the legitimate private or public interest which warrants the relief sought;
>
> (c) the clearly defined and serious injury that would result if the relief sought is not granted;
>
> (d) why a less restrictive alternative to the relief sought is not available;
>
> (e) any prior order sealing the same materials in the pending action; and

---

[3] Hedrick asserts his custody is illegal because his sentencing court vacated his judgment. This Court denied that claim in *Hedrick v. Fed. Bureau of Prisons*, Civ. No. 24-10299(RMB) (Opinion, Dkt. No. 21 and Order, Dkt. No. 22.)

[4] In addition to the reply brief, the Court has reviewed all submissions by Hedrick and determined that he has not disputed that his pneumonia has resolved or that he is not suffering kidney failure. Instead, Hedrick raises new, unrelated claims and seeks damages for the alleged negligence and indifference to his various medical needs, which may be addressed in a separate civil action for damages. Hedrick has raised many of the new claims asserted in his letters and various filings in *Hedrick v. Warden- FCI Fort Dix, et al.,* Civil Action No. 25-5100(RMB).

>     (f) the identity of any party or nonparty known to be
>     objecting to the sealing request.

Pursuant to Local Civil Rule 5.3(c), the Court makes the following findings of fact and conclusions of law. Respondent requests to seal documents submitted with the answer to the petition. Those documents include the Declaration of Dr. Farah Ahmedi, the Clinical Director at FCI Fort Dix, setting forth information regarding Petitioner's medical records and treatment (Dkt. No. 13), and Exhibit 1 to the Ahmedi Declaration, consisting of Hedrick's Bureau of Prisons medical records of treatment at FCI Fort Dix, relevant to the allegations in his Petition (Dkt. No. 13-1). Thus, the nature of the materials are the petitioner's medical records, and the nature of the proceeding is a habeas petition for release from prison based on alleged failure to provide necessary medical treatment. Respondent was required to submit these records to address the issues raised in the petition.

There is a legitimate private interest in confidentiality over one's medical records. *See Doe v. Delie*, 257 F.3d 309, 315 (3d Cir. 2001) ("We have long recognized the right to privacy in one's medical information....") This interest will be denied to Hedrick if the Court permits his medical records to remain unsealed on the public docket. There is no less restrictive alternative to sealing the documents because they are entirely comprised of Hedrick's medical records and Dr. Ahmedi's discussion of those records. The documents at issue are not of general interest to the public's health or safety, and the remaining documents in this matter are available to the public on the docket. Therefore, the Court finds good cause to maintain the

records under seal. *See Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994) ("Good cause is established on a showing [with specificity] that disclosure will work a clearly defined and serious injury to the party seeking closure.")

### III. THE COURT LACKS JURISDICTION UNDER 28 U.S.C. § 2241

A federal prisoner may seek habeas relief under 28 U.S.C. § 2241(c)(3) if he is "in custody in violation of the Constitution or laws or treaties of the United States." Traditional habeas corpus relief under § 2241 is available where the petitioner is deprived of rights that necessarily impact the fact or length of detention. *Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002). Jurisdiction may also exist under § 2241 for claims related to the execution of a prisoner's sentence. *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 243-44 (3d Cir. 2005).

Claims challenging the conditions of a prisoner's confinement have long been treated as falling outside of habeas jurisdiction. *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). While the Supreme Court left open the possibility of a prisoner challenging conditions of confinement through a habeas petition, *id.* at 499; *Ziglar v. Abbasi*, 582 U.S. 120, 144-45 (2017), the Supreme Court has never recognized a situation where it would be appropriate.

The Third Circuit found such conditions to exist for civil immigration detainees who sought release from detention in March 2020 due to the COVID-19 pandemic. *Hope v. Warden of York County Prison*, 972 F.3d 310, 324-25 (3d Cir. 2020). The Third Circuit, however, has never recognized a circumstance justifying § 2241

5

jurisdiction for convicted inmates challenging conditions of confinement. This case does not present a reason to depart from the traditional bases for habeas jurisdiction because appropriate relief is potentially available to Hedrick through a civil action for damages or injunctive relief.

Hedrick alleged in his petition that he was denied treatment for pneumonia and kidney failure that was necessary to keep him alive.[5] Respondent submitted medical records that show Hedrick was treated for pneumonia, which has since resolved, and that Hedrick is not suffering from kidney failure, which Hedrick does not dispute. Although Hedrick challenges the adequacy of his medical treatment and seeks monetary damages as a result, this Court lacks jurisdiction over such a claim under 28 U.S.C. § 2241. Therefore, the Court will dismiss the petition for lack of jurisdiction. Hedrick's pending motions related to discovery and for summary judgment will be dismissed as moot.

## IV.   CONCLUSION

For the reasons discussed above, the Petition will be dismissed for lack of jurisdiction under 28 U.S.C. § 2241. The pending motions will also be dismissed as moot. An appropriate order follows.

---

[5] Hedrick asserted that he could die before he was able to submit the $5 filing fee, and that the failure to provide him medical treatment was attempted murder. (Petition at 1, 3.)

Dated: November 21, 2025

                                            <u>s/Renée Marie Bumb</u>
                                            **RENÉE MARIE BUMB**
                                            **Chief United States District Judge**